IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DANIEL J. M.,

                Plaintiff,

    v.                                  Civil Action No.
                                          5:16-CV-01466 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF

LAW OFFICES OF                      STEVEN R. DOLSON, ESQ.
STEVEN R. DOLSON
126 N. Salina Street
Suite 3B
Syracuse, NY 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH             JUNE L. BYUN, ESQ.
United States Attorney               Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

DECISION AND ORDER

Plaintiff Daniel J. M. initiated this action in 2016, seeking judicial review of a determination by the Commissioner of Social Security ("Commissioner"), in which the Commissioner denied plaintiff's application for Social Security benefits. Having succeeded in this court, and on remand before the Social Security Administration, resulting in an award of past-due benefits to plaintiff, his counsel now seeks an order, pursuant to 42 U.S.C. § 406(b), awarding him fees in the amount of $10,454.00, conditioned upon his return to the plaintiff of $595.78 previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons set forth below, the motion of plaintiff's counsel, which the Commissioner has not actively opposed, will be granted.[1]

I.  BACKGROUND

Plaintiff commenced this action on December 8, 2016, pursuant to 42 U.S.C. § 405(g), challenging a final determination by the Commissioner denying his application for disability insurance benefits and supplemental social security income payments under Title II and Title XVI of the Social

---

[1]   In response to the fee application, the Commissioner does not object to the attorney's fees sought as unreasonable, but has raised an issue regarding the timeliness of the application. Dkt. No. 21 at 3.

Security Act, respectively. Dkt. No. 1. That denial was the result of an adverse decision, following a hearing, by Administrative Law Judge David J. Begley, issued on April 30, 2015, Dkt. No. 9 at 12-21, and a subsequent decision of the Social Security Administration Appeals Council denying plaintiff's request for review of that determination. Dkt. No. 9 at 1-4. Following the submission of the record of the administrative proceedings before the agency, briefing by the plaintiff, and upon a joint stipulation filed by the parties, I issued an order on June 5, 2017, reversing the final decision of the Commissioner and directing that the matter be remanded to the agency pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. Nos. 9, 10, 12, 13. Judgment was subsequently entered on June 6, 2017, returning the matter to the Commissioner and closing the case. Dkt. No. 14.

On June 7, 2017, following the remand, plaintiff's counsel, Steven R. Dolson, Esq., filed a motion for an award of costs and attorney's fees, pursuant to the EAJA. Dkt. No. 15. In that application, counsel sought recovery for 17.6 hours of attorney work performed between 2016 and 2017, to be compensated at an hourly rate of $196.31, for a total award of $3,455.06. Dkt. Nos. 15-1, 15-3. An order was subsequently issued on June 13, 2017, based upon a stipulation of the parties, directing payment

of fees under the EAJA to plaintiff's attorney in the amount of $3,200.00. Dkt. Nos. 17, 18. Plaintiff's attorney ultimately received only $595.78 in EAJA fees, however, because the award was subject to a debt offset of $2,604.22.[2] Dkt. No. 19-1 at 2-3.

As a result of the further administrative proceedings ordered by the court, following remand, ALJ Bruce S. Fein issued a decision on July 5, 2018, finding that the plaintiff was disabled at the relevant times. Dkt. No. 19-3 at 7-14. The agency subsequently issued two Notices of Award, which indicated that plaintiff was entitled to $67,639.20 in past-due Title II benefits and $41,097.00 in past-due Title XVI benefits, the former dated July 17, 2018, and the latter dated August 1, 2018.[3] *See generally* Dkt. Nos. 19-1, 19-3.

---

[2] As the Supreme Court observed, "[t]he fact that the [EAJA] awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Instead, the EAJA " 'awards' the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.*

[3] According to plaintiff's counsel, "[p]laintiff has not been awarded the Title XVI benefits due to this Title II benefit amount." Dkt. No. 19-1 at 2. The windfall offset provision contained in 42 U.S.C. § 1320a-6 "mandates that when a claimant is awarded benefits under either [Title II or Title XVI] and later receives a retroactive award of benefits under the other, the retroactive award will be reduced by the amount received under the other title." *Guadamuz v. Bowen*, 859 F.2d 762, 764 (9th Cir. 1988).

4

On December 7, 2018, almost five months later, Attorney Dolson filed a motion seeking an additional award of attorney's fees, pursuant to 42 U.S.C. § 406(b), based upon the favorable result achieved before the agency and his retainer agreement, under which plaintiff agreed to compensate his firm to the extent of twenty-five percent of past due benefits awarded upon a favorable decision. Dkt. No. 19-3 at 47. Attorney Dolson now seeks a total recovery of $10,454.00 for the 17.6 hours of work performed by his firm. Dkt. Nos. 19, 19-1 at 3-4. Plaintiff's counsel has agreed to return the $595.78 previously paid in connection with the EAJA application to the plaintiff if the current request is granted. Dkt. No. 19-1 at 3; *see also* Dkt. No. 25-1 at 2.

The Commissioner, through counsel, does not oppose Attorney Dolson's application, but notes that it is the court's responsibility to determine whether the requested relief is reasonable and should be awarded under section 406(b). Dkt. No. 21. Parenthetically, counsel observes that approximately five months elapsed between the Notice of Award, dated July 17, 2018, and the fee application of December 7, 2018, but concedes that the law within the Second Circuit is unsettled with respect to the timing of a motion brought pursuant to 42 U.S.C. § 406(b). *Id.* at 3; *see also* Dkt. 19-3 at 16-21.

In reply to the Commissioner's response, Attorney Dolson has submitted supplemental briefing on the issue of timeliness, noting that the Second Circuit has not squarely addressed what standard should govern the timeliness of motions made pursuant to section 406(b). Dkt. No. 25. Citing cases from this court and the reasonableness standard articulated in *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006), Attorney Dolson requests that the court deem the pending motion timely. *Id.* He further notes that the requested fee is reasonable because, when combined with the amount awarded under section 406(a), the combined total does not exceed of twenty-five percent of plaintiff's past-due benefits. *Id.* Attorney Dolson has also submitted evidence of the reduced fee he received due to the debt offset. [4] Dkt. No. 25-1.

II. DISCUSSION

A. Timeliness

As a preliminary matter, the court will address whether the instant application is timely, or whether the five-month delay between issuance of

---

[4] While counsel for the Commissioner did not actively oppose Attorney Dolson's assertion that he only received $595.78 of the fees awarded under the EAJA, in the response, counsel noted that Attorney Dolson did not submit any evidence in support of the same. Dkt. No. 21. The court acknowledges and accepts Attorney Dolson's statement regarding the debt offset and payment as true, and thus will not address the issue in the discussion below.

the Notice of Award and Attorney Dolson's motion should preclude his recovery of attorney's fees.

Section 406(b) does not address the timing of a motion for attorney's fees, and the Second Circuit has not squarely addressed the appropriate standard governing the timeliness of a motion brought pursuant to section 406(b). The Third, Fifth, and Eleventh Circuits have applied Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure to such applications, requiring that the application be filed within fourteen days after the entry of judgment. *See generally Sinkler v. Berryhill*, 305 F. Supp. 3d 448, 452 (W.D.N.Y. 2018) (Wolford, J.) (citing cases).[5] Other courts, including the Tenth Circuit, consider such an application to be brought under Rule 60(b)(6) of the Federal Rules of Civil Procedure, requiring that the application be made within a "reasonable time" after the Commissioner's decision awarding benefits. *See, e.g. McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006); *see also Geertgens v. Colvin*, No. 13-CV-5133, 2016 WL 1070845, at *2-3 (S.D.N.Y. Mar. 15, 2016).

---

[5] To address the reality that an award of past due benefits is a condition precedent to a section 406(b) application and invariably a motion filed within fourteen days of the entry of judgment would therefore be premature, several courts, including the Third Circuit, have applied equitable tolling for the period between the entry of judgment and the issuance of a notice of award and required that the application be made within fourteen days of notification of the Notice of Award. *See, e.g., Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010).

In *McGraw*, the Tenth Circuit indicated that it was "uncomfortable" applying the fourteen-day rule as delineated in Rule 54(d) because of its impracticality as applied to Social Security cases, questioning whether the fourteen-day period was triggered by the court's sentence-four remand or the ultimate Notice of Award of past-due benefits. *McGraw*, 450 F.3d at 504-05. That court therefore chose to apply the catch-all provision of Rule 60(b)(6), which provides, in relevant part, that "the court may relieve a party . . . from a final judgment, order, or proceeding" for any "reason that justifies relief." *Id.* at 505. The *McGraw* court determined, therefore, that substantial justice would be served by allowing counsel to seek section 406(b) fees under Rule 60(b)(6)'s purview. *Id.*

Some courts have applied Rule 54, but enacted local rules to avoid the conundrum presented by the application of that rule to the framework of a section 406(b) fee application. In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit suggested that "the best practice, in entry of a judgment for immediate entry of benefits, would be for the [p]laintiff to request and the [c]ourt to include in the judgment a statement that attorneys fees may be applied for within a specified time after the determination of Plaintiff's past due benefits by the Commission." *Id.* at 1278 n.2. Recognizing that the suggested method in

*Bergen* was not "a universally-workable solution," the Eleventh Circuit later suggested that "another vehicle for creating some much needed certainty in this area of the law is for the district courts to fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstance." *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam). In fact, the Western District of New York amended its local rules to include a provision that, effective January 1, 2019, a fee application pursuant to section 406(b) may be filed "no later than sixty-five (65) days after the date of the final notice of award sent to plaintiff's counsel of record." W.D.N.Y. Local Rule 5.5(g)(1), *available at* https://www.nywd.uscourts.gov/sites/nywd/files/2019_civil.pdf (last accessed Feb. 7, 2019); *see generally Abbey v. Berryhill*, No. 17-CV-06430, 2019 WL 336572, at *4 (W.D.N.Y. Jan. 28, 2019) (noting the local rule in the context of plaintiff's section 406(b) fee application).

Although the Second Circuit has not yet provided definitive guidance on the issue, district courts within this circuit have taken different approaches to determine whether a section 406(b) fee application is timely. Two courts have applied Rule 54(d), subject to the equitable tolling adopted by the Third Circuit in *Walker* and similar cases. *See Grace v.*

*Berryhill*, No. 11-CV-09162, 2018 WL 1940420, at *1 (S.D.N.Y. Apr. 23, 2018); *Sinkler*, 305 F. Supp. 3d at 452-59.[6] Other courts from this circuit have applied a reasonableness standard. *See, e.g., Geertgens*, 2016 WL 1070845, at *2-3; *see also Garland v. Astrue*, 492 F. Supp. 2d 216, 219-20 (E.D.N.Y. 2007) (assuming *arguendo* that the Rule 60(b)(6) reasonableness standard applied, finding that the delay from February 28, 2006, when the Notice of Award was sent, to December 8, 2006, when the fee application was made, was unreasonable). Some courts, however, have declined to expressly determine which rule should apply, but ultimately found the plaintiff's application timely. *See, e.g., Abbey*, 2019 WL 336572, at *4 (considering other New York district courts' rulings on the issue and finding that in light of the unsettled nature of the law, plaintiff lacked notice or constructive knowledge of the prescribed time period for filing her section 406(b) motion, and thus finding it timely filed); *Allen v. Comm'r of Soc. Sec.*, No. 10-CV-0068, 2012 WL 1596661, at *4 (S.D.N.Y. Apr. 27, 2012) (finding plaintiff's application timely under either equitable

---

[6] The decision of District Judge Elizabeth A. Wolford from the Western District of New York in *Sinkler* is currently on appeal before the Second Circuit, and will likely result in guidance from that court concerning the issue.

tolling or the Rule 60(b)(6) reasonableness standard, thereby not expressly ruling on a proper approach).

As can be seen, there is no clear, definitive guidance or consensus concerning the issue, and judges from within this district have not enforced Rule 54(d) in connection with such applications. For example, in *Goff v. Commissioner*, No. 15-CV-1058, 2018 WL 546890 (N.D.N.Y. Jan. 22, 2018), a fee application filed on December 20, 2017 was granted despite the fact the corresponding Notice of Award was dated June 21, 2017, nearly six months prior to the application. *Id.* at Dkt. No. 13-1 at 2; *see also Brown v. Berryhill*, No. 15-CV-744, 2018 WL 2253126 (N.D.N.Y. May 17, 2018) (approving an application for fees filed February 16, 2018 when the Notice of Award was dated October 24, 2017); *Brown v. Berryhill*, No. 15-CV-1000, 2017 WL 2929470 (N.D.N.Y. Jul. 10, 2017) (approving an application for fees filed May 18, 2017 when the Notice of Award was dated March 27, 2017). In addition, Chief District Judge Glenn T. Suddaby recently declined to decide the issue or apply Rule 54's fourteen-day limit, noting that even if Rule 54 applied, "it would strain the bounds of due process to bar Plaintiff from recovering fees given the absence of adequate notice that such time limitation existed." *Sarah L. v. Colvin*, No. 14-CV-0831, 2018 WL 6178486, at *2 (N.D.N.Y. Nov. 27, 2018).

Recently, I was confronted with a substantially similar timeline as the one presented here, and declined to deny plaintiff's application for attorney's fees on the basis of untimeliness. In *Rita M. B. v. Berryhill*, No. 16-CV-0262, 2018 WL 5784101, at *4 (N.D.N.Y. Nov. 5, 2018). Specifically, I noted that "[i]n light of the uncertainty and marked split of authority surrounding the issue, and the lack of definitive guidance from the Second Circuit, I find that if the fourteen-day limit of Rule 54(d) is found to apply, [the] delay in submitting the application beyond that period was the result of excusable neglect, within the meaning of Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure." *Id.* at *5 (citing *Rabenda v. Colvin*, No. 15-CV-3449, 2018 WL 3178159, at *1 (S.D.N.Y. June 28, 2018)).

Consistent with my prior determination in *Rita M. B.*, I find that if Rule 54's fourteen-day limit applies, then Attorney Dolson's delay in submitting the section 406(b) application was the result of excusable neglect pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, and I therefore will not deny his application on the basis of untimeliness. *See Rita M. B.*, 2018 WL 5784101, at *4; *see also Rabenda*, 2018 WL 3178159, at *1 (finding "counsel's delay in submitting the application was the result of excusable neglect within the meaning Fed. R.

Civ. P. 6(b)(1)(B) in light of the fact that there was previously almost no case law in this Circuit on this issue").

B. <u>Merits</u>

Counsel's application is made pursuant to 42 U.S.C. § 406(b), which provides, in relevant part, as follows:

> (b) Fees for representation before court
>
> > (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). As the Supreme Court has noted, section 406(b) does not supplant contingency fee arrangements, such as that entered into between plaintiff and her attorney, *see* Dkt. No. 19-3 at 47, but does require the court to engage in an independent analysis to assure that the result dictated by the contingency arrangement is reasonable given the

13

circumstances of the particular case at hand. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002).

In awarding attorney's fees under section 406(b) where there is an underlying contingency fee agreement, "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]" *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). That reasonableness inquiry is informed by several factors, including whether (1) there is evidence of fraud, (2) the attorney was ineffective or caused unnecessary delay, and (3) the fee would result in a windfall to the attorney in relation to the services provided. *Schiebel v. Colvin*, No. 14-CV-0739, 2016 WL 7338410, at *2 (N.D.N.Y. Dec. 19, 2016) (Kahn, J.) (citing *Wells*, 907 F.2d at 372) (other citations omitted). Courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989). "If the attorney is responsible for delay," or "[i]f the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808. In short, if counsel's representation does not warrant recovery of the amount agreed upon, the court may reduce the award.

In this case, there is no evidence of fraud. Moreover, the efforts of Attorney Dolson proved effective in challenging the Commissioner's denial of benefits, and there is no suggestion that he delayed in his representation of plaintiff.

One focus of the court's evaluation of the pending request is upon whether the requested fee would result in a windfall to plaintiff's counsel. In determining whether compensation pursuant to a retainer agreement would result in a windfall to counsel, the court considers whether (1) the attorney's efforts were successful for the plaintiff; (2) there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate, but rather arguments involving issues of material fact and research; and (3) the case was handled efficiently due to the attorney's experience in handling Social Security cases. *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005).

The effective hourly rate associated with Attorney Dolson's fee application gives the court brief pause. Although cases addressing applications made under such fee shifting statutes as 42 U.S.C. § 1988, for example, are not directly applicable, the rate at which recovery is now sought is slightly higher than the hourly rates typically applied by this court

to applications filed under those fee-shifting statutes.[7] *See, e.g., Stevens v. Rite Aid Corp.*, No. 13-CV-0783, 2016 WL 6652774, at *3 (N.D.N.Y. July 6, 2016) (McAvoy, J.) ("Recent cases in the Northern District have upheld hourly rates between $250 and $345 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals." (quotation marks omitted)). Those types of fee-shifting provisions, however, under which a losing party can be required to pay attorney's fees to a prevailing party, are distinct from the statute under which Attorney Dolson's current application is made, permitting plaintiffs to enter into contingency fee agreements with lawyers willing to take their cases. Allowing for such arrangements that, as is the case in this instance, result in recovery of fees at effective rates higher than ordinarily sanctioned in fee-shifting cases, serves an important purpose of encouraging lawyers to agree to represent Social Security claimants, many of whom are of limited resources.

With respect to the first and second windfall factors, I have reviewed plaintiff's eight-page brief to the court, and find that it was capably

---

[7] The lodestar method of calculating attorney's fees does not apply in the context of awarding fees under 42 U.S.C. § 406(b). *Gisbrecht*, 535 U.S. at 806; *see also Wells*, 907 F.2d at 371 ("[T]he traditional lodestar method, borrowed from the fee shifting context, is not appropriate for evaluating a reasonable fee to be paid by the client in a Social Security case where there is a contingent fee agreement.").

prepared. *See* Dkt. No. 10. Attorney Dolson's efforts were undeniably successful because plaintiff, whose application for benefits was initially denied, secured a recovery of past due benefits as a result of his counsel's representation. Addressing the third factor, the court is familiar with and acknowledges Attorney Dolson's skill and legal experience in Social Security cases.

In determining whether the requested fee would result in a windfall, the court must also examine the effective hourly rate associated with the application. Here, Attorney Dolson seeks a total recovery of $10,454.00 for the 17.6 hours of work performed by him. Dkt. Nos. 19, 19-1 at 3-4. The effective hourly rate for Attorney Dolson's time is $593.97 (i.e., $10.454.00 / 17.6 hours).

While Attorney Dolson's hourly rate is considerable, it falls well within the range of rates recently approved by courts in this district and elsewhere in the Second Circuit when analyzing applications under 42 U.S.C. § 406(b). *See, e.g.*, *Wood-Callipari v. Berryhill*,15-CV-743, 2018 WL 5999941, a *2 (N.D.N.Y. Nov. 15, 2018) (approving an effective hourly rate of $854.32); *Buckley v. Berryhill*, No. 15-CV-0341-A, 2018 WL 3368434, at *2-*3 (W.D.N.Y. Jul. 10, 2018) (approving an effective hourly rate of $1,000); *Cieslik v. Berryhill*, No. 14-CV-430-A, 2018 WL 446218, at

*3 (W.D.N.Y. Jan. 17, 2018) (approving an effective hourly rate of approximately $792.45); *Cole on Behalf of Cole v. Comm'r of Soc. Sec.*, 2017 WL 2473174, at *2 (N.D.N.Y. Jun. 8, 2017) (approving an effective hourly rate of $643.49); *Schiebel v. Colvin*, No. 14-CV-00739, 2016 WL 7338410, at *3 (N.D.N.Y. Dec. 19, 2016) (accepting a contingency fee agreement with an effective hourly rate of $975.68); *Joslyn*, 389 F. Supp. 2d at 455-56 (accepting a contingency fee agreement with an effective hourly rate of $891.61).

Inasmuch as there is no evidence of fraud, Attorney Dolson's representation was effective, and the fee agreement would not result in a windfall to counsel, I find that the amount now sought is reasonable under the circumstances.

III. <u>SUMMARY AND ORDER</u>

Plaintiff and his counsel, The Law Offices of Steven R. Dolson, entered into a contingency fee agreement under which plaintiff agreed to compensate Attorney Dolson in the amount of twenty-five percent of past due benefits awarded to him in the event of a favorable decision. Having reviewed the pending application for approval of the payment of fees, I conclude that the amount now sought by plaintiff's counsel pursuant to that

arrangement is reasonable and would not result in a windfall to counsel. Accordingly, it is hereby

ORDERED as follows:

(1) Attorney Steven R. Dolson, Esq. is hereby awarded the sum of $10,454.00 in accordance with 42 U.S.C. § 406(b), as fees pursuant to the firm's fee agreement with plaintiff, to be paid from the amount withheld by the Commissioner from the past due benefits awarded to plaintiff.

(2) Attorney Steven R. Dolson, Esq. is hereby directed to refund to plaintiff the sum of $595.78 previously awarded in this matter as attorney's fees pursuant to EAJA.

David E. Peebles
U.S. Magistrate Judge

Dated: February 7, 2019
Syracuse, New York

19